IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAURIE J. OLSON,

                Plaintiff,                OPINION AND ORDER

     v.                                         07-cv-576c

MICHAEL ASTRUE,
Commissioner of Social Security,

                Defendant.

---

On May 29, 2008, I remanded this case to the commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g), instructed the administrative law judge to consider additional medical evidence submitted by plaintiff to the Appeals Council and entered judgment in favor of the plaintiff. On December 18, 2008, the administrative law judge issued a decision awarding plaintiff back benefits to October 19, 2003 in the amount of $56,890.

Plaintiff has petitioned for attorney fees pursuant to § 206(b)(1) of the Social Security Act in the amount of $14,222.50, which represents 25 percent of plaintiff's award of past due benefits. Because the commissioner does not object to this petition, I will grant it and order that the award be made payable directly to plaintiff's counsel. Also before the

1

court is plaintiff's request for attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is seeking fees in the amount of $11,680.37. Defendant disputes both the amount of the fees sought and the characterization of his position as unjustified. Because I find that defendant's position was justified, I will deny plaintiff's application for attorney fees and costs.

As the parties agree, the judgment entered on May 29, 2008 was entered in error and will be vacated. When a case is remanded under sentence six, the court retains jurisdiction and does not enter a final judgment until the remand proceedings are concluded. Because the administrative law judge ruled in plaintiff's favor on remand, I will enter final judgment in her favor.

## FACTS

The relevant facts are set forth in the opinion and order of May 29, 2008. To recap, plaintiff argued that the Appeals Council erred as a matter of law in not reviewing the administrative law judge's decision in light of new and material medical evidence pursuant to 20 C.F.R. § 404.970(b). However, I noted that a district court may review an Appeals Council decision denying a plaintiff's request for review *only* when that refusal rests on a mistake of law, such as when the Appeals Council concludes that additional evidence was not material. Perkins v. Chater, 107 F.3d 1290, 1294 (7th Cir. 1997); Eads v. Secretary of the

2

Department of Health and Human Services, 983 F.2d 815, 817 (7th Cir. 1993). I determined that because the Appeals Council accepted the evidence as new and material, there was no error as a matter of law and its decision was final.

Next, I addressed plaintiff's request for a sentence six remand to the administrative law judge for consideration of the additional medical evidence submitted to the Appeals Council. Plaintiff had the burden of showing that the evidence was new and material and that there was good cause for the failure to introduce it in the prior proceeding. Sample v. Shalala, 999 F. 2d 1138, 1144 (7th Cir. 1993). I found that an April 10, 2006 vocational assessment performed by Krizan; a September 24, 2004 independent medical examination performed by Dr. Healy; and medical records from between 2004 and 2006 were not new because they were in existence at the time of the hearing. I also found that plaintiff did not have good cause for failing to submit either Krizan's or Healy's reports at the time of the hearing. However, I agreed that plaintiff had good cause for failing to submit the medical records. In late 2004, the Disability Determination Bureau requested plaintiff's records under the name "Laurie Nelson AKA: Laurie Johnson," without knowing that in early 2005, plaintiff had remarried and changed her last name to Olson. The records at issue had been filed under plaintiff's married name, Laurie Olson, and were never sent.

I determined that the medical records were material. Had the administrative law judge considered these records, there was a reasonable probability that he may have accorded

3

greater weight to the treating providers' opinions, found plaintiff credible and made a different residual functional capacity determination. The medical records submitted to the Appeals Council show that plaintiff was seen 18 times between October 2004 and the date of the administrative law judge's decision and indicate that plaintiff took MS Contin and Vicodin, which were making her drowsy. Accordingly, I remanded the case to the commissioner for consideration of the additional medical record evidence. Given this finding, I declined to reach plaintiff's arguments that the administrative law judge erroneously rejected the opinions of her treating providers, made an improper credibility determination and residual functional capacity assessment and did not meet his duty under Social Security Ruling 00-4p with regard to the vocational expert's testimony.

OPINION

A. Entitlement to Attorney Fees

Under the substantially justified standard, a party who succeeds in a suit against the government is not entitled to fees if the government took a position that had "a reasonable basis in law and fact." Young v. Sullivan, 972 F.2d 830, 835 (7th Cir. 1992) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). To satisfy the substantial justification standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and

4

(3) a reasonable connection between the facts alleged and the legal theory advanced. United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000). Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994). The government carries the burden of proving that its position was substantially justified. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994). The commissioner can meet his burden if there was a "genuine dispute," or if reasonable people could differ as to the propriety of the contested action. Pierce, 487 U.S. at 565.

When considering whether the government's position was substantially justified, the court must consider not only the government's position during litigation but also its position with respect to the original government action which gave rise to the litigation. 28 U.S.C. § 2412(d)(1)(B) (conduct at administrative level relevant to determination of substantial justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986). A decision by an administrative law judge constitutes part of the agency's pre-litigation conduct. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." Marcus, 17 F.3d at 1036 (internal citations omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (Equal Access to Justice Act requires single substantial

5

justification determination that "simultaneously encompasses and accommodates the entire civil action").  Thus, fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position.  <u>Marcus</u>, 17 F.3d at 1036.

Plaintiff argues that the commissioner's prelitigation conduct was not substantially justified because the administrative law judge erroneously rejected her treating providers' opinions, made an improper credibility determination and residual functional capacity assessment and did not meet his duty under Social Security Ruling 00-4p.  However, as defendant points out, neither the Appeals Council nor this court found that the administrative law judge erred in his decision making.

Although plaintiff raised several challenges to the administrative law judge's decision, I did not reach any of these arguments and remanded the case solely for the consideration of evidence that was not before the administrative law judge.  An administrative law judge cannot be held accountable for not evaluating evidence he never saw or knew was in existence.  <u>Mills v. Apfel</u>, 244 F.3d 1, 4 (1st Cir. 2001); <u>see also</u> <u>Eads</u>, 983 F.2d at 817 (correctness of administrative law judge's decision depends on evidence that was before him).  Therefore, I cannot find that the commissioner's prelitigation conduct in denying plaintiff benefits at the administrative hearing level or its later litigation position that the adjudicator did not err in reaching his decision were not substantially justified.

6

Plaintiff next argues that the Appeals Council erroneously failed to consider new and material evidence, causing the sentence six remand. However, this was not the case. The Appeals Council stated in its decision that the additional evidence submitted by plaintiff did "not provide a basis for changing the administrative law judge's decision." In the remand order, I found that even though the Appeals Council did not say explicitly that it found plaintiff's additional evidence to be new and material, it was reasonable to infer from the Council's statement and action that it made this preliminary finding. Because I did not find that the Appeals Council erroneously failed to consider evidence, its actions were substantially justified.

Finally, plaintiff asserts that the commissioner was not substantially justified in arguing that this case should not be remanded to the administrative law judge in light of the material evidence. However, as defendant contends, I agreed with the commissioner that plaintiff did not show good cause for failing to file the reports of Krizan and Healy to the administrative law judge. Therefore, the commissioner's position was substantially justified in this regard.

I did find good cause for plaintiff's failure to submit her 2004 to 2006 medical records to the administrative law judge. The commissioner argued in opposition to summary judgment that plaintiff had not shown good cause. However, plaintiff did not explain her reason for failing to submit the records until she filed her reply brief, to which defendant did

7

not have the opportunity to respond. Therefore, I cannot find that the commissioner's argument that plaintiff failed to show good cause was not substantially justified.

Finally, plaintiff asserts that the fact that the administrative law judge ruled in her favor after considering the additional evidence on remand shows that the Appeals Council was not substantially justified in declining to review the adjudicator's decision. Specifically, the Appeals Council found that there was no basis for changing the administrative law judge's decision. In opposition to summary judgment, defendant argued that plaintiff offered no reason why the medical records supported greater limitations. Defendant also cited portions of the record that showed that plaintiff was progressing well after 2004, went on vacation to Florida and alleviated many of her symptoms by using a hot tub. I determined that because the records also showed that plaintiff was seen another 18 times after October 2004 and experienced drowsiness from prescription pain killers, there was a reasonable probability that if the administrative law judge had seen these records, he would have accorded plaintiff's self reports and her treating physicians' opinions greater weight.

The fact that the administrative law judge ultimately determined that plaintiff was disabled does not mean that the arguments proffered by the commissioner did not have a reasonable basis in law or in fact. Reasonable people could differ as to the significance of the medical records. Therefore, neither the decision of the Appeals Council to deny review nor the commissioner's arguments in favor of it were irrational or unsupported by the record.

Having reviewed the administrative law judge's decision, my order on the merits and the parties' briefs, I am persuaded that the government's pre-litigation position and its litigation position in this case were substantially justified. Therefore, I will deny plaintiff's application for attorney fees and costs under the Equal Access to Justice Act.

ORDER

IT IS ORDERED that:

1. Plaintiff Laurie Olson's uncontested motion to vacate the May 29, 2008 judgment as premature, dkt. #16, is GRANTED. The judgment, dkt. #11, is VACATED.

2. Judgment is entered in favor of plaintiff against defendant Michael Astrue following the administrative ruling in plaintiff's favor on remand.

3. Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b), dkt. #17, is GRANTED. Plaintiff's attorney, Frederick J. Daley, is entitled to attorney fees in the amount of $14,222.50, which represents 25 percent of plaintiff's past-due benefits awarded by the Social Security Administration.

4. Plaintiff's request for an award of attorney fees and expenses under the Equal Access to Justice Act, dkt. #12, is DENIED.

Entered this 21st day of October, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge